**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
**JUDGE MANNING**
**MAGISTRATE JUDGE COX**

**07 C 7202**

HELEN OF TROY LIMITED, and OXO )
INTERNATIONAL LTD, )
)
)   Civil Action No. _____
Plaintiffs, )
v. )   JURY TRIAL DEMANDED
)
)
LIFETIME BRANDS, INC., THE )
PFALTZGRAFF CO., OUTLET RETAIL )
STORES, INC., and PFALTZGRAFF )
FACTORY STORES, INC., )
)

Defendants.

**FILED**

**DECEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiffs, Helen of Troy Limited ("Helen of Troy") and OXO International, Ltd. ("OXO"), for their complaint against Lifetime Brands, Inc., The Pfaltzgraff Co., Outlet Retail Stores, Inc., and Pfaltzgraff Factory Stores, Inc., (collectively, the "Defendants"), state as follows:

## NATURE OF ACTION

This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et. seq.*, for Defendants' actions of using, selling, having sold, offering to sell, making, having made and/or importing or having imported into the United States, products that directly infringe, contributorily infringe, or induce others to infringe, one or more claims of U.S. Patent no. 6,585,629.

## THE PARTIES

1.      Plaintiff Helen of Troy is a Barbados international business company, and has its principal place of business at 13 – 8th Avenue, Belleville, St. Michael, Barbados.

2.      Plaintiff OXO is a limited partnership organized and existing under the laws of the State of Texas, and has its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas, 79912.

3.      Upon information and belief, Defendant Lifetime Brands, Inc., is a Delaware corporation, with its principal place of business at 1000 Stewart Avenue, Garden City, New York 11530.

4.      Upon information and belief, Defendant The Pfaltzgraff Co. is a Delaware corporation, with its principal place of business at 140 E. Market St.  York, PA 17401.

5.      Upon information and belief, Defendant Outlet Retail Stores, Inc., is a Delaware Corporation, with its principal place of business at 1 Merrick Avenue, Westbury, New York, 11590.

6.      Upon information and belief, Lifetime Brands owns and controls Outlet Retail Stores, Inc.

7.      Upon information and belief, Pfaltzgraff Factory Stores, Inc., is a Delaware Corporation, with its principal place of business at 1000 Stewart Avenue, Garden City, New York, 11530.

8.      Upon information and belief, The Pfaltzgraff Co. owns and controls Pflatzgraff Factory Stores, Inc.

9.      Upon information and belief, The Pfaltzgraff Co. is a wholly-owned subsidiary of and is controlled by Lifetime Brands, Inc.

10.     Upon information and belief, each of the Defendants share common principal places of business, executive offices, and a common Chief Executive Officer, Jeffrey Siegel.

JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1331 and 1338(a) in that this matter arises under an Act of Congress relating to patents.

12.     This Court has personal jurisdiction over each of the Defendants because each has committed the acts complained of herein in this district, and/or transacts business within this district.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that each of the Defendants has engaged in one or more acts of infringement within this district, including, *inter alia*, making, using, selling and/or offering to sell products that directly or contributorily infringe, or induce others to infringe, one or more claims of U.S. Patent no. 6,585,629 (the "'629 Patent").

COUNT I – PATENT INFRINGEMENT

14.     Helen of Troy is the owner of all right, title, and interest in and to U.S. Patent no. 6,585,629 entitled ROLLING PIN WITH COUNTERWEIGHTED ECCENTRIC HANDLES, which was duly issued by the United States Patent and Trademark Office on July 1, 2003 (the "'629 Patent").

15.     OXO is a sub-licensee of the '629 Patent and has the right to seek any legal and equitable remedies, and to bring any action, suit or other proceeding relating to any past, present, or future infringement, or threatened infringement, of the '629 Patent.

16.     OXO sells one or more products incorporating the invention(s) claimed in the '629 Patent.

17.     Without permission or license from Helen of Troy or OXO, each of the Defendants has made, is making, is having made, has sold, is selling, is causing to be sold, has offered for sale, is offering to sell, is causing to be offered for sale, and/or has imported, is

importing, and/or is causing to be imported into the United States, within this judicial district and elsewhere, products, including, *inter alia*, rolling pins, that directly infringe, contributorily infringe, and/or induce others to infringe, Plaintiffs' exclusive rights in and to the '629 Patent, in violation of 35 U.S.C. § 271.

18.    Plaintiffs notified each of the Defendants of their respective infringing conduct as prescribed by 35 U.S.C. §287.

19.    Upon information and belief, each of the Defendants' infringement is and has been willful.

20.    Each of the Defendants' infringement of the '629 Patent has caused irreparable injury to Plaintiffs, and unless and until each of the Defendants' continuing infringement of the '629 Patent is enjoined by this Court, Plaintiffs will continue to suffer irreparable injury because of Defendants' infringement.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Helen of Troy and OXO pray that this Court enter an order and judgment in their favor and against each of the Defendants:

> (a)    preliminarily and permanently enjoining each of the Defendants, and their respective parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys and all persons in active concert or participation with them, from making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States any goods that directly infringe, contributorily infringe, or induce others to infringe any claim of the '629 Patent;

> (b)    ordering Defendants, jointly and severely, to pay Helen of Troy and OXO the damages that they have respectively incurred as a result of the acts complained of herein, including an award to Helen of Troy and OXO of their respective lost profits as a result of the acts complained of herein, or, at a minimum, an award to Helen of Troy and OXO, respectively, of a reasonable royalty as a result of the acts complained of herein, and that any such damages award be trebled pursuant to 35 U.S.C. § 284

4

5

(c)     ordering Defendants, jointly and severally, to pay Helen of Troy and OXO their respective interest, costs and expenses of this action, and their respective reasonable attorneys' fees, as a result of the acts complained of herein; and

(d)     awarding Helen of Troy and OXO any other relief that this Court deems just and fit.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Helen of Troy and OXO demand a trial by jury.

Dated:  December 21, 2007          HELEN OF TROY LIMITED
AND OXO INTERNATIONAL LTD.


By:_____s/ Alan L. Unikel_____
One of Their Attorneys

Attorneys for Plantiffs
Alan L. Unikel
Joseph R. Lanser
Brian S. Clise
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000

CH1 11380786.2